UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIDGETTE COLEMAN-JOHNS; CLASSIE LONG; JOSEPH HOUSTON; and CHARMISHA EAST,** *individually and on behalf of all others similarly situated*<br><br>**VERSUS**<br><br>**JAKO ENTERPRISES, LLC** | CIVIL ACTION NO. 2:23-CV-5765<br><br>JUDGE _____<br><br>MAGISTRATE _____ |

## COLLECTIVE ACTION COMPLAINT

NOW COME, Plaintiffs, Bridgette Coleman-Johns, Classie Long, Joseph Houston and Charmisha East, individually and on behalf of all others similarly situated, by and through undersigned counsel, make the following allegations against Defendant, Jako Enterprises, LLC:

### PRELIMINARY STATEMENT

1.     Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of all Store Managers who were employed at a Jimmy Jazz retail location anywhere in the United States at any time from January 1, 2022 through the date of this filing ("SMs").

2.     On December 31, 2021, Defendant acquired the assets of the Jimmy Jazz chain of retail stores.

3.     Thereafter, Defendant continued to operate the Jimmy Jazz chain of retail stores under the Jimmy Jazz name for some time until rebranding the stores as SNIPES retail stores (the "Stores"). The date and time for the rebranding differed by location.

1

4. During the relevant period, SMs worked at the Stores nationwide, including Gretna, Louisiana.

5. Pursuant to corporate policy, Defendant classified its SMs as exempt from the overtime pay requirements of the FLSA, yet required Plaintiffs and other SMs to perform primary duties that are non-exempt in nature, including running the cash register, providing customer service to customers on the sales floor, stocking, merchandising, and cleaning.

6. In willful disregard of federal and state wage and hour laws, Defendant failed to pay Plaintiffs and other SMs for all hours worked, as well as overtime premium pay for hours worked over 40 in a workweek.

7. Plaintiffs, on behalf of himself and other Collective Action Members who elect to opt in to this action pursuant to the FLSA, seeks: (i) unpaid wages for all hours worked including those above 40 in a workweek, as required by law, (ii) liquidated damages and/or prejudgment interest, and (iii) attorneys' fees and litigation expenses.

## JURISDICTION AND VENUE

8. This action is filed pursuant to Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*

9. Jurisdiction of the Court over this action is invoked pursuant 28 U.S.C. § 1331 as there is a federal question and pursuant to 28 U.S.C. §1332(a)(1) as there is complete diversity of citizenship between Plaintiffs and Defendant.

10. The matter in controversy exceeds the sum of seventy-five thousand Dollars ($75,000.00) exclusive of interest and costs. Therefore, the damages meet the monetary jurisdictional minimum of this Court.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to at least one of the Plaintiff's claims occurred in this judicial district.

12. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, operating six locations of its Stores within Louisiana, including in Gretna, Baton Rouge (x2), Lafayette, Alexandria, and Monroe.

13. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiffs are, therefore, entitled to bring this action in this Court.

## THE PARTIES

### Plaintiffs, Bridgette Coleman-Johns, Classie Long, Joseph Houston and Charmisha East

14. Plaintiffs, Bridgette Coleman-Johns, Classie Long, Joseph Houston and Charmisha East, are each individuals of the full age of majority who are domiciled in and residents of the State of Louisiana.

15. Bridgette Coleman-Johns worked as an SM at one of Defendant's Stores at all times relevant to this matter. Ms. Coleman-Johns' written consent to join a collective action under 29 U.S.C. § 216(b) is attached as *Exhibit "1."*

16. Classie Long worked as an SM at one of Defendant's Stores at all times relevant to this matter. Ms. Long's written consent to join a collective action under 29 U.S.C. § 216(b) is attached as *Exhibit "2."*

3

17. Joseph Houston worked as an SM at one of Defendant's Stores at all times relevant to this matter. Mr. Houston's written consent to join a collective action under 29 U.S.C. § 216(b) is attached as *Exhibit "3."*

18. Charmisha East worked as an SM at one of Defendant's Stores at all times relevant to this matter. Ms. East's written consent to join a collective action under 29 U.S.C. § 216(b) is attached as *Exhibit "4."*

19. Plaintiffs each regularly worked over 40 hours in a workweek for Defendant's benefit during their employment as a SM.

20. Pursuant to Defendant's policy, pattern or practice, Plaintiffs were not paid proper compensation for all hours worked, including overtime compensation for all hours worked over 40.

21. Plaintiffs have retained RUDIN LAW LLC to represent them, and seek to recover unpaid wages, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. §216(b).

<u>Defendant, Jako Enterprises, LLC</u>

22. Defendant, Jako Enterprises, LLC, is a foreign limited liability company organized under the laws of the State of Pennsylvania with its principal place of business located at 2030 E. Byberry Rd., Philadelphia, PA 19116. Upon information and belief, Defendant's lone member is also domiciled in Pennsylvania at the same business address.

23. Defendant operates retail apparel stores in the United States, including in Louisiana. Upon information and belief, on or about December 31, 2021, Defendant purchased the assets and liabilities of the Jimmy Jazz chain of retail stores.

24. Upon purchasing the Jimmy Jazz chain of retail stores and thereafter, Defendant began rebranding those stores to SNIPES retail stores.

25. During all relevant times, Defendant employed Plaintiffs and other similarly situated SMs at the Stores and controlled and directed the terms of employment and compensation of Plaintiffs and other similarly situated SMs.

26. During all relevant times, Defendant was the "employer" of Plaintiffs and the other similarly situated SMs within the meaning of that term pursuant to all applicable statutes.

27. Upon information and belief, Defendant employed more than five hundred people at all times relevant.

28. Upon further information and belief, Defendant had gross revenues exceeding $500,000.00 at all times relevant.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs and other SMs are similarly situated (the Collective Action Members") in that they are subject to Defendant's common compensation policies, patterns, and practices, including without limitation, Defendant's policy, pattern, and practice of classifying SMs as exempt from the protections of the FLSA, suffering, permitting, and encouraging SMs to work more than 40 hours per week, and failing to compensate SMs for overtime hours they worked.

30. Defendant is liable under the FLSA for, *inter alia*, its failure to properly compensate Plaintiffs and other SMs. There are many similarly situated SMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding this lawsuit and the opportunity to join it. Those similarly

situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## COMMON FACTUAL ALLEGATIONS

31. Pursuant to a centralized, company-wide policy, pattern, or practice, Defendant classified all of its SMs as exempt from federal overtime protections regardless of where they worked.

32. The primary duties of all SMs included running the cash register, providing customer service to customers on the sales floor, stocking, merchandising, and cleaning.

33. SMs exercised little or no independent discretion and judgment in performing their primary duties.

34. Defendant did not perform a person-by-person analysis of each SM's job duties in making its decision to classify all of its SMs as exempt from federal overtime protections.

35. As a result of its decision to classify SMs as exempt from federal overtime protections, Jimmy Jazz failed to pay Plaintiffs and other SMs for any of the hours they worked over 40 in a workweek.

36. Throughout the relevant period, it was Defendant's policy, pattern, or practice to require, suffer, or permit Plaintiffs and other SMs to work in excess of 40 hours per week without paying them for all hours worked, including overtime hours worked.

37. All of the work that Plaintiffs and other SMs have performed was assigned by Defendant and Defendant was aware or should have been aware of all of the work that Plaintiffs and other SMs performed.

38.   As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, or practice of violating the FLSA. This policy, pattern, or practice includes but is not limited to:

a.   willfully misclassifying Plaintiffs and other SMs as exempt;

b.   willfully failing to pay Plaintiffs and other SMs proper overtime wages for hours that they worked greater than 40 hours in a workweek; and

c.   willfully failing to properly compensate for all the time that Plaintiff and other SMs have worked for Jimmy Jazz's benefit.

39.   Defendant was aware or should have been aware that the FLSA required it to pay Plaintiffs and other SMs for all hours worked and to pay them an overtime premium for hours worked greater than 40 hours per workweek.

40.   Defendant's conduct alleged herein has been widespread, repeated, and consistent, and it is contrary to the FLSA.

41.   Defendant has been on notice that its conduct was alleged to be in violation of the law since at least September 2022 but, upon information and belief, has taken no steps to remedy the offending conduct.

42.   On May 26, 2023, a collective action was brought in state court in Florida against Defendant for the same general conduct alleged herein related to the underpayment of SMs throughout the United States but concerning *only* conduct during the period from January 31, 2020 through December 31, 2021.[1]

---

[1] *See Derikeo Hambrick v. Jako Enterprises, LLC,* No. 50-2023-CA-010709-XXXX-MB 15th Judicial District Court, Palm Beach County, Florida.

43. On June 29, 2023, the Floridian court approved a settlement between Defendant and the plaintiffs in the *Hambrick* action; however, that settlement did not cover Defendant's conduct after December 31, 2021, which has persisted.

## **CAUSE OF ACTION**

Fair Labor Standards Act: Unpaid Overtime Wages
*Brought on Behalf of Plaintiffs Individually and on Behalf of the Collective*

44. At all relevant times, Plaintiffs and all Collective Action Members were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendant.

46. Defendant was the employer of Plaintiff and all Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Plaintiff and all Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

48. Defendant failed to pay Plaintiffs and all Collective Action Members the wages to which they were entitled under the FLSA.

49. Defendant's violations of the FLSA, as described in this *Collective Action Complaint*, were willful and intentional.

50. Because Jimmy Jazz's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be tolled or extended by agreement, equity, or operation of law.

51. As a result of Defendant's willful violations of the FLSA, Plaintiffs and all Collective Action Members have suffered damages by being denied wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

D. Pre-judgment and post-judgment interest, as provided by law;

E. Attorneys' fees and costs of action incurred herein, including expert fees;

F. Payment of a service award to Plaintiffs, in recognition of the services Plaintiff rendered, and will continue to render, to the Collective Action Members; and

G. Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury on all questions of fact raised by this *Collective Action Complaint*.

Dated: October 4, 2023

                                              Respectfully Submitted,

                                              **RUDIN LAW LLC**

                                              _____
                                              Lee M. Rudin, LA Bar No. 34746
                                              5500 Prytania St. #404
                                              New Orleans, LA 70115
                                              Telephone: 504-500-5504
                                              Facsimile: 504-445-4054
                                              Email: lee@rudin.law

                                              *Attorney for Plaintiffs and*
                                              *the Putative Collective*

**SERVICE WILL BE MADE ON:**

JAKO ENTERPRISES, LLC
Through its Designated Agent for Process:
Corporate Creations Network, Inc.
1070-B West Causeway Approach
Mandeville, LA 70471